HENRY S. AKERSLOOT, Respondent, *v.* THE SECOND AVENUE
RAILROAD COMPANY, Appellant.

*Court of Appeals, March,* 1, 1892.

*Negligence. Railroad.*—It is the duty of a conductor of a street car to see
that a passenger, who is lawfully entering the car, is in a place of
safety before giving the signal to the driver to proceed.

Appeal from judgment of the supreme court, general term,
first department, affirming judgment for plaintiff on verdict
of a jury.

*Payson Merrill,* for appellant.

*Clifford A. H. Bartlett,* for respondent.

MAYNARD, J.—There was sufficient evidence to go to the
jury upon the issue of defendant's negligence. The jury
could properly give credence to the testimony of the witness
Kerkow, who was in a better position to know just how the
accident occurred than any other person examined upon the
trial. If she was to be believed, the conductor signalled to
the driver to go ahead before she had reached a place of
safety upon the car with the plaintiff's five year old child,
and the car immediately started with a jerk, which threw
her upon the seat and the child into the street and under
the car where his right leg was so crushed that amputation
of a portion thereof became necessary.

The starting of the car was under the control of the con-
ductor. It was his duty to see that a passenger, lawfully
entering the car, was in a place of safety before giving the
signal to the driver to proceed. The car was an open

summer one with seats running cross-wise and a place be-tween the seats at the sides for the passengers to enter by means of steps running the entire length.    If the car started as the plaintiff's child and its attendant reached the topmost step, which was on the level with and a part of the floor of the car, there would be danger that the sudden motion im-parted to it, while they were in that position, would throw one or both of them to the ground, or otherwise cause them injury, and the defendant owed them a duty, in this respect, which the jury may have found was disregarded by their agents and servants who then had charge and control of the car and its movements.

The judgment should, therefore, be affirmed, with costs.

EARL, Ch. J. (dissenting)—In May, 1887, the plaintiff's son George, then about five years of age, went with Miss Kerkow, a woman of mature age, to the corner of Second avenue and Thirtieth street in the city of New York to take passage on one of the defendant's cars.    She signalled to the car and it stopped.    It was an open summer car with seats running crosswise, and it could be entered by steps on the sides.    She stepped into the car with George, holding him by the hand, and after they were in the car and before they were seated it started, as claimed by her, with a jerk, and she fell in a seat and George fell out of the car and was seriously injured.    Subsequently the plaintiff brought this action to recover for the pecuniary loss caused to him by the injury to his son.

Miss Kerkow was the sole witness on the part of the plaintiff to prove the circumstances and occasion of the accident.    Her testimony is clear that she was in the car with George before it was started.    She does not say what occasioned the jerk or how violent it was.    She simply states that the jerk was such that she fell into the seat of the car and George fell out of the car, or was thrown out. There is no evidence that the horses were mismanaged, or

that the driver was careless in starting them, or that he started them with more energy than was necessary at the time and place. It is difficult to believe that the horses could start a heavy car standing still with a very severe jerk. It is true that she fell down in her seat and that George fell out of the car; but we do not think that that circumstance furnishes evidence of itself of culpable want of care on the part of the driver of the car. When a car is stopped long enough to permit a person desirous of becoming a passenger to safely enter it he is then in a safe place and must take some care of himself so that he will not be thrown down by any ordinary management of the car. Upon this evidence as it now appears we are unable to say that there was any negligence which can cast the pecuniary consequences of this most unfortunate accident upon the defendant.

The judgment should be reversed and a new trial granted, costs to abide the event.

Judgment affirmed, with costs.

ANDREWS, PECKHAM and O'BRIEN, JJ., concur; EARL, Ch. J., reads dissenting opinion, with whom FINCH and GRAY, JJ., concur.